Britt v Metropolitan Transp. Auth. (2025 NY Slip Op 05187)

Britt v Metropolitan Transp. Auth.

2025 NY Slip Op 05187

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 151336/22|Appeal No. 4787|Case No. 2024-05244|

[*1]Valerie Britt et al., Plaintiffs-Respondents,
v
Metropolitan Transportation Authority et al., Defendants-Appellants.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Gregory F. Laufer of counsel), for appellants.
Jenner & Block LLP, New York (Anna M. Windemuth of counsel), for respondents.

Order, Supreme Court, New York County (Richard Tsai, J.), entered June 17, 2024, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs, users of the New York City paratransit system known as Access-A-Ride, allege that Access-A-Ride fares discriminate against people with disabilities in violation of the New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY § 8-101 et seq.). Plaintiffs allege that defendants the Metropolitan Transit Authority (the MTA) and the New York City Transit Authority (the NYCTA) offer certain discounts on fixed-route public transit for seniors, people with disabilities, and others, but that those discounts are not offered when they take trips on Access-A-Ride. Plaintiffs also allege that by failing to provide identical discounts and fares for paratransit services, defendants have denied plaintiffs the full and equal enjoyment of its services on equal terms and conditions.
Supreme Court correctly declined to dismiss the complaint, as plaintiffs' claims are not preempted by either federal or state law. Defendants argue that plaintiffs' claim, if successful, would upset the balance struck by federal law in consideration of the higher cost per ride for providing paratransit service because the MTA is already charging the same base subway and bus fares for paratransit rides despite federal law allowing it to charge up to twice that amount. Thus, defendants conclude, the action conflicts with federal law because plaintiffs' application of municipal law to require identical discounts would impose "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" and the Department of Transportation (Arizona v United States, 567 US 387, 400 [2012]).
Federal law does not preempt state law under an obstacle preemption analysis "unless the repugnance or conflict is so direct and positive that the two acts cannot be reconciled or consistently stand together" (see Sutton 58 Assoc. LLC v Pilevsky, 36 NY3d 297, 309 [2020], cert dismissed — US &mdash, 142 S Ct 53 [2021] [internal quotation marks omitted]). Plaintiffs' claims do not involve such a conflict. Plaintiffs properly point out that if defendants offer the same discounts for Access-A-Ride as for their fixed route system, they would be acting in harmony with both the NYCHRL (as interpreted by plaintiffs) and the Americans with Disabilities Act (42 USC § 12101 et seq.). Indeed, although section 12143(a) of the ADA requires paratransit to be comparable, not identical, to fixed-route service, subsection (f) goes on to say, "Nothing in this section shall be construed as preventing a public entity . . . from providing paratransit . . . services at a level which is greater than the level of such services which are required under this section." Similarly, section 12201(b) of the ADA provides, "Nothing in this chapter shall be construed to . . . limit the remedies, rights, and procedures of . . . [the] law of any . . . political subdivision of any State . . . that provides greater . . . protection for the rights of individuals with disabilities than are afforded by this chapter."
Similarly, although 49 CFR § 37.131(c) permits paratransit operators to charge up to twice the base fare for fixed-route service without consideration of discounts, 42 USC § 12143(c) of the ADA provides, "the regulations issued under this section [including 49 CFR § 37.131(c)] shall establish minimum service criteria."
As to preemption by state law, defendants argue that the state legislature signaled an implied intent to occupy the field of transit pricing by enacting a comprehensive and detailed regulatory scheme. However, the relevant issue is not whether the state legislature has preempted the field of transit pricing, but rather, whether it has preempted application of a local antidiscrimination law through the state transit law (see Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v City of New York, 142 AD3d 53, 59 [1st Dept 2016], appeal dismissed 28 NY3d 978 [2016]). This Court has found that the state legislature has not done so (Center for Independence of the Disabled v Metropolitan Transp. Auth., 184 AD3d 197, 206-207 [1st Dept 2020] ["There is nothing in the Transportation Law indicating that defendants were to be exempted from any claims of disability discrimination, or that by complying with the requirements of the Transportation Law, they would be immune for all time from claims that the subway system discriminates against a protected class . . . ].
Further, even if state law did preempt the relevant field, local laws of general application are not preempted if their enforcement "only incidentally infringes upon a preempted field" (id. at 204). As this Court has found, "compliance with the NYCHRL anti-discrimination provisions will not interfere with [the MTA or NYCTA's] mandate to maintain and operate the transit system" (id. at 207-208).
Defendants' argument that the state legislature signaled an express intent to occupy the field of transit pricing is not properly before us, as it is raised for the first time on appeal (Matter of New York Pub. Interest Research Group Straphangers Campaign v Metropolitan Transp. Auth., 309 AD2d 127, 138 [1st Dept 2003], lv denied 100 NY2d 513 [2003]). In any event, even were the argument properly before us, we would reject it for the same reasons that we reject the argument regarding implied preemption (see New York State Assn. for Affordable Hous. v Council of the City of N.Y., 141 AD3d 208, 214 [1st Dept 2016]).
Defendants also contend that plaintiffs' claim is preempted because it conflicts with Public Authorities Law §§ 1205(1), 1207-i, and 1266(3), which govern NYCTA fares. However, the Court of Appeals has rejected a similar argument (see People v Cook, 34 NY2d 100, 103, 109 [1974]), and the state legislature has shown no intent to preempt the field of antidiscrimination. Moreover, a local law is conflict preempted only if it directly or expressly conflicts with state law (Police Benevolent Assn. of the City of New York, Inc. v City of New York, 40 NY3d 417, 426 [2023]; see also New York State Assn. for Affordable Hous., 141 AD3d at 215). Such a situation is not presented here.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025